RICE v. MELENDY ET AL.

41  395
144  582

1. **Bankruptcy**: SALE: HOW DEFEATED. To defeat a sale and conveyance under section 35, Act of Congress, approved March 2, 1867, not only must the insolvency of the vendor, actual or contemplated, be shown, but it must also appear that the purchaser had reasonable cause to know of the insolvency, and that the sale was made in fraud of the Act.

2. ———: ———: NOTICE. The purchaser is charged with notice, not only of the facts within his knowledge, but also of all such as reasonably prudent inquiry would have disclosed.

3. ———: ———: ATTORNEY. An attorney who, in good faith, directed the marshal to seize goods purchased from an insolvent merchant, on the ground that the sale was fraudulent, was *held* not to be liable in damages for trespass, notwithstanding the validity of the sale was established.

*Appeal from Mahaska District Court.*

FRIDAY, OCTOBER 22.

ACTION of trespass for taking goods and merchandise claimed by plaintiff. The answer denies generally the allegations of the petition, and, as a further defense, sets up that Clark & Freer, being insolvent, fraudulently sold to plaintiff the goods in question, with a view to give preference to plaintiff, a creditor of the firm, and that plaintiff, at the time of the purchase, had reasonable cause to believe Clark & Freer to be insolvent and in failing circumstances, and the conveyance of the property was not made in the usual course of trade, but with a view to prevent the assets of the firm from being equally distributed to creditors under the bankrupt law of the United States; that within four months after the purchase of the goods, proceedings in bankruptcy were instituted, and under lawful process issued thereon defendant Melendy, who is the United States Marshal for the district of Iowa, lawfully seized the property for which suit was brought, and transferred the same to the assignee in bankruptcy of Clark & Freer.

Upon agreement of the parties, the cause was referred to the Hon. James H. Rothrock, Judge of the Eighth Judicial District. Another cause entitled, A. F. Harodon, assignee in bankruptcy of *Clark & Freer, v. Wells S. Rice*, pending in the U. S. District Court of Iowa, at Dubuque, was consolidated for the purpose of trial before the referee who, by the stipulation of the parties, was required to report that case to the United States District Court, and the one before us to the District Court of Marshall county.

The referee found the issues of law and fact in favor of plaintiff, and assessed his damages at $5,720.80.

A motion to set aside the report of the referee was over-ruled, and judgment was rendered for plaintiff. Defendants thereupon appeal.

*Brown, Stone & Sears*, for appellants.

A mercantile firm having no property but their stock are insolvent, when they cannot pay a just debt not disputed, and creditors have reason to believe them insolvent. (*Wilson v. City Bank*, 5 B. R., 270; *Foster v. Goulding*, 9 Gray, 52.) The transfer of all the property of a debtor is not an ordinary transaction, and is a badge of fraud, regardless of the bankruptcy law. (*Glenn v. Glenn*, 17 Iowa, 498; *Chappel v. Clapp*, 29 Id., 191.) The fact that the purchaser paid a fair price does not avail him, if he had reason to believe the creditor insolvent. (*Clements v. Moore*, 6 Wal., 299.) Actual knowledge by the purchaser is not necessary; it is enough if he know facts sufficient to put a prudent man upon inquiry. (*Jackson v. Mather*, 7 Cowan, 301.) If the transaction is a departure from the usual course of business, and the purchaser has reasonable cause to suspect insolvency, he is not protected. (*Peson v. Knapp*, 1 Dill, 186; *Toof v. Martin*, 13 Wal., 40; *Scammon v. Cole*, 5 B. R., 257; *Forbes v. Howe*, 102 Mass., 427.)

*Caswell & Meeker* and *Henderson & Merriman*, for appellee.

A purchaser is bound only to make such inquiry as a reasonably prudent man would have deemed necessary under the circumstances, and whether he did or not is to be determined by the jury from the circumstances of the case. (*Blake v. Hackley & Sons*, 2 B. R., 132; *Babbitt v. Walburn, & Co.*, 1 Dill., 22–3.) If a purchaser has evidence sufficient to rebut the legal presumption of fraud, he need not make direct inquiry. (*Graham's Assignee v. Savage*, 3 B. R., 95; *Borland & Manlove v. Phillip*, 2 Dill., 383.) To command,

advise, or countenance the commission of a tort, renders the party so acting and advising, liable. (*Eddy v. Howard*, 23 Iowa, 183; *Coats v. Darby*, 2 N. Y., 519.)

BECK, J.—I. Section 35, of the Act of Congress, approved March 2, 1867, establishing a uniform system of bankruptcy, provides that conveyances and transfers of property by any person who is insolvent, or in contemplation of insolvency, within four months prior to the institution of bankruptcy proceedings against him, in payment of debts, to one having reasonable cause to believe the party making the conveyance is insolvent, and that the conveyance is in fraud of the act, shall be void. All conveyances made within six months of the filing of proceedings in bankruptcy by like parties to others having reasonable cause to believe the grantors to be insolvent, with a view to prevent the property transferred coming into the hands of assignees, or to defeat the object of or impede the operation of this act, are declared to be void. If such sales are not made in the usual course of business, the fact shall be *prima facie* evidence of fraud.

The questions of fact determined by the referee were these:

1. Were Clark & Freer, at the time of the sale to plaintiff, insolvent?

2. Did plaintiff know, or have reasonable cause to believe, that Clark & Freer were insolvent or contemplating insolvency, and thus the sale was made in fraud of the provisions of the Bankrupt Act?

With the first question we have no trouble. The insolvency of the partnership who transferred the goods to plaintiff cannot be doubted. The matters involved in the second are by no means free of doubt.

In order to defeat the sale and conveyance under which 1. BANKRUPT- plaintiff claims, it must not only be shown that CY: sale: how defeated. the firm was insolvent, or contemplating insolvency, but it must also appear that plaintiff had reasonable cause to know such fact, and that the sale was for the purpose of preferring him as a creditor and defeating the provisions of the Act, and it will not be disputed that plaintiff's rights can-

not be defeated on account of the fraudulent intentions of the bankrupts unless they were known to him, or he had reasonable cause to believe they were acting fraudulently.

There were many facts and circumstances developed in the evidence which are considered by the law as badges of fraud on the part of plaintiff, that need not be enumerated or discussed. That they are established by the evidence may be admitted. But it must be remembered that these things will not of themselves, against preponderating evidence of good faith, establish fraud; they are evidence, not conclusive evidence, of fraud.

II. At the time of the transaction Clark & Freer had good credit in the town where they were doing business and were regarded as prosperous and successful. Plaintiff testifies that he had no suspicion of their insolvency or of any intention, if they possessed it, to evade the operation of the bankrupt law. He is corroborated in his evidence by his course of dealing with them and by many facts and circumstances developed on the trial. And, it may be stated with confidence, that not one of his acts is necessarily inconsistent with his entire good faith and ignorance of any unlawful intention of the other parties.

2. ——: ——: notice.

Did he have good reason to believe that Clark & Freer were insolvent and that the conveyance was made in fraud of the provisions of the law?

Plaintiff is not only charged with notice of facts within his knowledge, but of all such as he could have discovered upon inquiry, if reasonable prudence required inquiry. Bump on Fraudulent Conveyance, 232; *Forbes v. How*, 102 Mass., 428; *Beals v. Quinn*, 101 Mass., 262.

It may well be concluded that upon the facts within plaintiff's knowledge there was no reasonable ground to believe the firm was insolvent. They were doing a good business, had good credit, and met their paper with ordinary promptness. These things were known to plaintiff. The extent of their indebtedness is not shown to have been within his knowledge. The circumstances of the sale alone cannot be claimed as grounds which should have prompted plaintiff, in the exercise of pru-

dence, to make inquiry as to the condition and intentions of the parties. These were, all their merchandise was covered by the sale; they were indebted to plaintiff; part of the notes given by plaintiff for the goods were made payable to the father of one of the parties; no provision was made for the payment of bills for goods recently procured, etc., etc. Upon this branch of the case there is great doubt in our minds and some of us feel that, were this question here for decision, on the evidence we would be required to hold that plaintiff in the exercise of prudence was required to make inquiry concerning the solvency and intentions of the partners. But this was a question of fact to be determined upon the evidence by the court below. We cannot say that there is no evidence to support the conclusion therein reached by the referee, nor that there is such an absence of evidence in support of his finding that it will be presumed to have been made through the influence of passion, prejudice or favor. We must reach this conclusion, in order, under the often repeated decisions of the court, to authorize us to disturb the judgment.

The case, it will be observed, turns upon the sufficiency of the evidence and, under the uniform practice of the court, demands no further discussion.

The motion to set aside the report of the Referee was rightly overruled.

AFFIRMED.

OPINION ON REHEARING.

BECK, J.—This cause was again considered upon a petition for rehearing filed by Melendy and Brown. We have again reviewed the evidence and the law applicable to the facts, and our conclusion as to the right of plaintiff to recover remains unchanged. The view expressed in the opinion heretofore filed, in our judgment, satisfactorily disposes of the case as to plaintiff's title to the property seized and his right to recover therefor. Further discussion, therefore, is uncalled for upon these points.

Rice v. Melendy.

We are, however, united in the opinion that Brown is not 3. ——: ——: shown by the evidence to be liable in this action. <sub>attorney.</sub> He was the attorney of the creditors instituting the proceedings in Bankruptcy against Clark & Freer. He is sought to be held liable on the ground that he directed the marshal to seize the goods in question as the property of the bankrupts and participated in the trespass. The circumstances under which the directions were given and the character and terms of the directions, as well as the character and extent of the participation in the trespass, do not appear in the record; neither does the record show that the seizure was made because of these directions, nor that the officer made it in obedience thereto, nor that these directions, in the remotest degree, caused the seizure. We would be required to presume many things in order to conclude that plaintiff sustained injury from the acts of Brown. He cannot be held liable upon presumption.

We are not required, therefore, to consider the discussion of the rule of law governing the liability of attorneys as advanced by counsel of the respective parties. There is no great conflict in their views. Plaintiff's counsel does not, and cannot contend, that an attorney can be held liable for acts, in a case of this kind, unless they, in some measure, wrought injury to the plaintiff or were in some degree the cause of such injury. And he, doubtless, will not insist that the effect of such acts, in the absence of proof, will be presumed in order to hold an attorney liable.

The judgment against defendant, Brown, will be reversed. Plaintiff will pay the costs of petition for rehearing. The other costs will be taxed against defendants.