## MELENDY v. RICE.

Where the judgment of the highest court of a State is here for re-examination, the Federal question, which, it is claimed, arises in the record, will be considered here as it comes from that court. When therefore, the point there arising was whether the evidence in the record sustained a finding of fact upon which the judgment of an inferior court had been entered, and the appellate court was permitted by its rules to set aside the judgment as against the weight of evidence only where there was no evidence to support it, or such an absence of evidence that it might be presumed to have been given through the influence of prejudice, passion, or favor, this court will not, upon a question of preponderance of testimony alone, reverse the judgment of the latter court. *So held,* where the question below was, whether a party, when he purchased property, had reasonable cause to believe that his vendor was insolvent, and was making the sale in fraud of the bankrupt law.

ERROR to the Supreme Court of the State of Iowa.

Rice sued Melendy and others in the Marshall County, Iowa, District Court, for wrongfully and forcibly entering his store and carrying away goods. Melendy justified as marshal of the United States for the district of Iowa, claiming that he seized the goods as the property of Clark & Freer, bankrupts, under a provisional warrant of seizure issued from the Bankrupt Court after the adjudication in bankruptcy. Rice claimed that he purchased the property from Clark & Freer before their bankruptcy. Melendy insisted that the sale was in fraud of the bankrupt law; and the case turned upon the single question whether Rice, when he purchased, had reasonable cause to believe that Clark & Freer were insolvent. The trial below was by a referee, and he found in favor of Rice. Minutes of the testimony taken by the referee were filed with his report. In accordance with the practice in Iowa, a judgment was entered in vacation by the clerk, such as was recommended by the referee. At the next term, a motion was filed to set aside the report of the referee and vacate the judgment which had thus been entered, and, among other causes assigned, was one to the effect that the referee erred in finding from the testimony that Rice, when he purchased, did not have reasonable cause to believe that Clark & Freer were insolvent. This motion was overruled, and the judgment affirmed as entered.

From this judgment of the District Court an appeal was taken to the Supreme Court of the State, where the same finding was assigned for error. That court affirmed the judgment below. A rehearing was then had, with the same result. The case is now here upon a writ of error issued under sect. 790, Rev. Stat., and there is the same assignment of error.

*Mr. George G. Wright* for the plaintiff in error.

*Mr. Thomas J. Henderson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Whenever the judgment of the highest court of a State is brought here for the re-examination of some decision of a Federal question, we must consider the question as it comes to us from that court. This record shows that the question below was whether a finding of fact by a referee should be set aside

because not sustained by the evidence. Upon writs of error to the courts of the United States, we cannot be called upon to decide such a question, because the finding of the court below as to facts is conclusive upon us. *Norris* v. *Jackson*, 9 Wall. 127 ; *Insurance Company* v. *Sea*, 21 id. 160. But in Iowa a different practice prevails, and our rule has been so far, and only so far, relaxed as to permit the Appellate Court to set aside a judgment of an inferior court, because against the weight of the evidence, when there is no evidence whatever to support it, or when there is such an absence of evidence that it may be presumed to have been given through the influence of passion, prejudice, or favor. *Rice* v. *Melendy*, 41 Iowa, 400 ; *Wilson* v. *B. & M. R. Railroad Co.*, 33 id. 592; *Starker* v. *Leese & Mahone*, id. 595; *Pearson* v. *Minturn*, 18 id. 37 ; *Bellamy et al.* v. *Doud*, 11 id. 255. The judgment must be clearly and manifestly wrong.

Applying even this relaxed rule to the present case, we are satisfied that the judgment of the Supreme Court of the State ought not to be reversed. The question is one of preponderance of testimony alone. It certainly cannot be said there is no evidence in the case to support the finding, and, after three judgments of affirmance in the courts below, hardly any thing short of that would justify a reversal here.

*Judgment affirmed.*